UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TELECARD MARKETING CENTER,  CASE NO. 96-6204-CIV-MORENO
INC., a Delaware Corporation,

    Plaintiff,

vs.

BEYLEN COMMUNICATIONS, INC.,
a Delaware Corporation, W.K.P., INC.,
a Delaware Corporation, SETH
WARSHAVSKY, PETER KNOBEL
and RUTH PARASOL,

    Defendants.
_____/



## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court on (1) the Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction of Defendants W.K.P., Inc., Seth Warshavsky, Peter Knobel and Beylen Communications, Inc (D.E. 45) filed on June 7, 1996; and (2) Defendants' Joint Motion to Dismiss Complaint (D.E. 47) filed on June 7, 1996. On June 25, 1996, these and all other pretrial motions in this case were referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Federico A. Moreno for appropriate resolution pursuant to 28 U.S.C. §636(b). Accordingly, the undersigned scheduled these motions for a hearing on September 3, 1996. On that date, counsel for plaintiff, J.B. Grossman, Esq., appeared at the scheduled hearing and advised that he has been unable to communicate with his client for the past few weeks and that his client seems to have "disappeared". Mr. Grossman further explained that he has not filed responses to

defendants' motions to dismiss due to his inability to confer with plaintiff. In addition, Mr. Grossman requested that this Court permit him to withdraw as counsel for plaintiff.[1] As a result, this Court has proceeded to consider defendants' motions to dismiss based on the pleadings of record. Having carefully considered the pleadings, the court file and applicable law, the undersigned respectfully recommends:

a. that the Motion to Dismiss the Complaint for Lack of Personal and Subject Matter Jurisdiction of Defendants W.K.P., Inc., Seth Warshavsky, Peter Knobel and Beylen Communications be GRANTED;

b. that Defendants' Joint Motion to Dismiss Complaint be GRANTED; and

c. that this case be DISMISSED WITH PREJUDICE.

## BACKGROUND

On February 23, 1996, Telecard Marketing Center, Inc. ("plaintiff"), a telecommunication company involved in the placement of telephone lines with clients in the audiotext industry, filed this action seeking compensatory and punitive damages under the federal Racketeering and Corrupt Practices Act ("RICO"), 18 U.S.C. §1962 (c) and (d), and the common law of the State of Florida following plaintiff's purchase of a new telephone product called "International Audiotext" or "10XXX" from defendants in September 1994 for the sum of $50,000. Cpt., ¶ 20. Defendant Beylen Communications, Inc ("Beylen") is a long distance carrier which has a tariff with the Federal Communication Commission

---

[1]Plaintiff's counsel's motion to withdraw has been granted by separate order of this Court.

("FCC") authorizing it to bill long distance telephone calls to the public. Cpt. ¶12. Defendant W.K.P., Inc. is an alleged subsidiary of Beylen which has the right to distribute telephone lines on behalf of Beylen. Id. The individual defendants, Seth Warshavsky, Peter Knobel and Ruth Parasol, are identified as either officers or directors of Beylen and W.K.P.

Specifically, plaintiff alleges that it was "fraudulently induced" by numerous misrepresentations on the part of defendants into entering into a written agreement with W.K.P. on September 14, 1994 to purchase "10XXX", a technology which enables callers to access various live informational and entertainment services similar to "1-900" numbers. These alleged fraudulent misrepresentations included, inter alia, the failure of W.K.P. to disclose that it was a competitor of plaintiff; that plaintiff would receive a semi-exclusive commission rate; and that local exchange carriers ("LEC's") would treat 10XXX calls as international calls, rather than "900" numbers.[2] Cpt., ¶¶ 13, 17, 19, 24. Plaintiff further alleges that on December 8, 1994, it was informed by W.K.P. that all future revenue payments would be withheld pending receipt of an additional $5,644.00 to be held in reserve. Cpt., ¶25. Plaintiff also alleges that defendants utilized a "tagging mechanism" on plaintiff's phone lines which diverted callers to lines owned by defendants resulting in a substantial loss of revenue to plaintiff. Cpt., ¶ 31-33. In addition, plaintiff alleges that W.K.P. under reported and omitted substantial revenue from its statements. Cpt., ¶35.

In light of W.K.P.'s alleged unilateral reduction of the commission rate, withholding of

---

[2]This difference is significant in that certain LEC's allegedly do not disconnect the "1-900" numbers callers who fail to pay their bills for such calls. Cpt., ¶ 18-19.

3

funds, improper tagging, reporting errors and omissions and other alleged wrongdoing, plaintiff and defendants, Warshavsky, Knobel and Parasol, "as individuals and on behalf of WKP" entered into a Settlement Agreement and a new Marketing Agreement on March 27, 1995. Cpt., ¶40. Subsequent to the execution of the 1995 Settlement and Marketing Agreements, defendants allegedly continued their practice of making fraudulent misrepresentations to plaintiff concerning its audiotext product including, but not limited to: (a) placing tags messages which diverted callers away from plaintiff's telephone lines; (b) unilaterally reducing plaintiff's commission rate; (c) failing to make the agreed payments to plaintiff; (d) underreporting and omitting telephone traffic on plaintiff's lines; and (d) telling plaintiff to have its clients heavily advertise the new product. Cpt. ¶43.

Based on these allegations and other alleged wrongdoing in connection with defendants' alleged activities regarding the provision of telecommunication services, plaintiff has brought claims against defendants for fraudulent inducement to enter the September 19, 1994 agreement (Count I), fraudulent inducement to enter the March 27, 1995 settlement agreement of prior claims (Count II), tortious interference with a contractual relationship (Count III), civil theft pursuant to Fla. Stat. §§ 812.014 and 772.11 (Count IV), and for violation of the Racketeering and Corrupt Practices Act ("RICO"), 18 U.S.C. §§ 1962 (c) and (d) (Count V).

On June 7, 1996 defendants W.K.P., Inc., Seth Warshavsky, Peter Knobel and Beylen Communications, Inc. (collectively "defendants") filed the instant motion to dismiss the complaint for failure to state cognizable causes of action under Florida or federal law. On that same date, defendants also filed a motion to dismiss the complaint for lack of

personal and subject matter jurisdiction.[3]

On September 3, 1996, the undersigned held a brief hearing on defendants' motions to dismiss, noting the non-filing of any response to the instant motions to dismiss.

## **STANDARDS OF REVIEW**

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. Bradberry v. Pinella County, 789 F.2d 1513, 1515 (11th Cir. 1986). In ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and take its allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984); Quinone v. Durkis, 638 F.Supp. 856 (S.D. Fla. 1986). When a federal court considers a motion to dismiss at the pleadings stage, it must apply the federal rules of civil procedure. Fed.R.Civ.P. 8 (a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleader is not required to set forth in detail the facts upon which the claim is based. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957); Neizil v. Williams, 543 F.Supp. 899 (M.D. Fla. 1982). Finally, the issue is not

---

[3] Defendant Ruth Parasol is not a moving defendant in either of the above referenced motions to dismiss as she had not yet been served at the time these motions were filed.

whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to suppor the claims." Scheuer v. Rhodes, 426 U.S. 232, 236 (1974); Hammer v. Armstrong World Industries, 679 F.Supp. 1096, 1098 (S.D. Fla. 1987).

A motion to dismiss for lack of personal jurisdiction should be granted unless "the plaintiff presents enough evidence to withstand a motion for directed verdict." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir. 1996). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Id. Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. Id., (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

## FINDINGS AND CONCLUSIONS

A. Dismissal by Default

As outlined above, the instant motions to dismiss were filed on June 7, 1996. The court file reflects that these motions were served on plaintiff's counsel by mail on that same date. Local Rule 7.1.C of the United States District Court, Southern District of Florida provides:

> Each party opposing a motion shall serve and file an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default.

On July 2, 1996, the undersigned scheduled a hearing on these motions to dismiss for September 3, 1996. Despite the foregoing notice, plaintiff has failed to file an opposing

6

memorandum of law to date. Moreover, counsel for plaintiff appeared at the scheduled hearing and explained that he has not filed responses to defendants' motions to dismiss due to his inability to consult with plaintiff, plaintiff having seemed to "disappear". Accordingly, the undersigned finds that defendants' motions to dismiss could be granted by default pursuant to Local Rule 7.1.C.

B. Dismissal on the Merits

While finding that defendants' motion could be granted by default, the undersigned, nevertheless, proceeds to briefly consider the merits of defendants' motions to dismiss.

1. Defendants' Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction

Defendants Seth Warshavsky ("Warshavsky"), Peter Knobel ("Knobel") and Beylen Communications, Inc. ("Beylen") (collectively "defendants") move to dismiss the complaint for lack of personal jurisdiction. Specifically, these non-resident defendants argue that plaintiff, a Delaware corporation, cannot establish personal jurisdiction over them under any provision of Florida's "long-arm" statute, Fla.Stat. §48.193.

Addressing defendants' position, the undersigned first notes that personal jurisdiction over a non-resident defendant is governed by the state law standards in which the federal court sits. See Bloom v. A.H. Pond, Co., Inc., 519 F.Supp. 1162, 1165 (S.D. Fla. 1981). Where a state provides for jurisdiction over a non-resident, the jurisdiction of the federal court can extend no further than the statutory base provided for by the forum state. Id. Most importantly, the person invoking personal jurisdiction under a state's long-arm statute "has the burden to plead sufficient material facts to establish a basis for the

7

exercise of such jurisdiction." Id. at 1168 (citing Cosmopolitan Health Spa v. Health Industries, 362 So.2d 367 (Fla. 4th DCA 1978)). Moreover, while a corporation itself may be properly amenable to service when it transacts business through agents operating in the forum state, unless the agents transact business on their own account and not on behalf of the corporation, the agents are not engaged in business so as to sustain an application of the long-arm statute to them as individuals. Id. at 1170 (citing Wilshire Oil Co. v. Riffe, 409 F.2d 1277, 1281 n.9 (10th Cir. 1969)).

Plaintiff ignores all of the foregoing principles in seeking to bring these defendants into this lawsuit. Specifically, plaintiff makes no reference whatsoever to any Florida long-arm statute and alleges insufficient facts to support long-arm jurisdiction over these non-resident parties. The only factual allegation in the entire complaint referencing the alleged basis for personal jurisdiction over these defendants in Florida is that each "conducts business in Florida." Cpt., ¶¶ 5,7 & 8. This allegation implies that this Court has personal jurisdiction over defendant pursuant to § 48.193(2) of Florida's long-arm statute. Section 48.193(2) permits the court to exercise personal jurisdiction, regardless of whether or not the claim arises from a defendant's activity within the state, if the defendant is engaged in substantial and not isolated activity within this state.  In this case, however, there is no specific allegations indicating how defendants Beylen, Warshavsky or Knobel engaged in any business activity in Florida, let alone any allegations of substantial activity as required by §48.193(2). Indeed, the affidavits of these defendants reflect that they did not operate or solicited any business in Florida. Nor did they maintain an office in Florida or advertise in this state. See Defendants' Motion to Dismiss, Exh. A, B & C, respectively.

In light of the affidavits submitted by defendants, the burden shifts to plaintiff to affirmatively support its jurisdictional allegations in the complaint. See Prentice v. Prentice Colour, Inc., 779 F.Supp. 578, 586 (M.D. Fla. 1991). Here, plaintiff has failed to respond in any manner to defendants' affidavits and, therefore, has failed to set forth specific facts which indicate that defendants engaged in substantial and not isolated activity within this state. See Fla. Stat. § 48.193(2). Accordingly, the undersigned finds that plaintiff has failed to establish jurisdiction over these defendants under Fla.Stat. §48.193(2).

For similar reasons, the undersigned also finds that plaintiff cannot establish jurisdiction over these defendants under Fla.Stat. §48.193(1)(a) or (1)(b).[4] Again, plaintiff has failed to set forth specific facts which indicate that any of these defendants solicited business or advertised in Florida or that the cause of action otherwise arose from the operation of a business by defendants in Florida. Therefore, personal jurisdiction over these defendants can not be asserted under Fla.Stat. § 48.193(1)(a). See Limardo v. Corporacion Intercontinental, 590 F.Supp. 1109, 1111 (S.D. Fla. 1984) (permits jurisdiction over a nonresident corporation only where the claims arise out of business transacted in the state).

---

[4] These section provide for jurisdiction over any person arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

Fla.Stat. §§49.193(1)(a) and (b).

action upon which relief can be granted. With respect to plaintiff's claim for violations of federal RICO (Count V), defendants challenge this claim for failing to allege a "pattern of racketeering activity" by a continuing "enterprise" sufficient to state a cause of action for RICO and for failing to plead this claim with the particularity required by Fed.R.Civ.P. 9(b).

In order to state a claim for damages under RICO, a plaintiff must allege the existence of seven constituent elements, namely: (1) that the defendants (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly participated or maintained the interest in (6) an "enterprise" (7) the activities of which effect interstate or foreign commerce. 18 U.S.C. § §1962 (a-c); Moss v. Morgan Stanley, Inc., 719 F. 2d 5, 17 (2d Cir. 1983); Taylor v. Bear Stearns & Co., 572 F.Supp. 667, 682 (N.D. Ga. 1983). Section 1961(5) states that a "pattern" of racketeering activity requires proof of at least two acts of racketeering within ten (10) years. 18 U.S.C. §1961(5). The "pattern requirement for RICO actions has been interpreted as requiring (a) the racketeering acts be related to each other; (b) that they be part of some common scheme; and (c); some sort of continuity between the acts or a threat of continuing criminal activity be shown. See Banco de Desarrollo Agropecuario, S.A. v. Gibbs, 640 F.Supp. 1168, 1173 (S.D. Fla. 1986). A RICO claim involves allegations of fraud and, therefore, must be pled with the same particularity that is required to plead fraud under Fed.R.Civ.P. 9(b). See Segal v. Gordon, 467 F.2d 602, 607 (2d Cir. 1972).

Reviewing Count V under this standard, the undersigned finds that plaintiff has failed to sufficiently allege a "pattern" of racketeering activity by failing to adequately allege at least two requisite acts of unlawful activity. While plaintiff alleges in general terms

11

defendants' "pattern of fraudulent schemes" to induce the purchase of its audiotext products, plaintiff fails to allege how this activity violates 18 U.S.C. § §1962(c) and (d) or any other federal law. Cpt., ¶75. Moreover, plaintiff fails to adequately plead predicate acts by failing to allege which defendant committed which act or at what time these alleged acts took place. Without this information, defendants cannot reasonably defend themselves on the RICO count. See Haroco, Inc. v. American National Bank, 747 F.2d 384, 405 (7th Cir. 1984) (where fraud is the basis for a RICO claim, Rule 9 (b) applies), aff'd., 473 U.S. 606, 105 S.Ct. 3291 (1985).

Accordingly, the undersigned recommends that defendants' motion to dismiss Count V be granted and that the RICO count be dismissed.

Having found that plaintiff's federal claim for violation of RICO, 18 U.S.C. § §1962(c) and (d), cannot survive defendants' motion for dismiss, the undersigned further recommends that this Court dismiss plaintiff's pendent state law claims of fraudulent inducement, tortious interference and civil theft. See Rice v. Branigar Organization, 922 F.2d 788 (11th Cir. 1991) ("When a district court dismisses all of the federal claims before trial, the decision whether or not to exercise pendent jurisdiction over state-law claims is within its discretion.").

## RECOMMENDATION

For all of the foregoing reasons, the undersigned respectfully recommends:

a. that the Motion to Dismiss the Complaint for Lack of Personal and Subject Matter Jurisdiction of Defendants W.K.P., Inc., Seth Warshavsky, Peter Knobel and Beylen

Communications be GRANTED;

 b. that Defendants' Joint Motion to Dismiss Complaint be GRANTED; and

 c. that this case be DISMISSED WITH PREJUDICE.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Federico A. Moreno, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)1)c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982); cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

 RESPECTFULLY SUBMITTED this 3d day of October, 1996, in Miami, Florida.

*signature*

Ted E. Bandstra
United States Magistrate Judge

cc: Honorable Federico A. Moreno
  All Counsel of Record